NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMILIO REYES, | No. 23-55460 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-02128-GW-AGR |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted July 15, 2024**
Pasadena, California

Before: PAEZ and SANCHEZ, Circuit Judges, and LYNN,*** District Judge.

Emilio Reyes appeals the district court's grant of summary judgment to the

Department of the Interior, the Bureau of Indian Affairs ("BIA"), and an agency

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

official on his Administrative Procedure Act ("APA") claim. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review an order granting summary judgment de novo, 'thus reviewing directly the agency's action under the [APA's] arbitrary and capricious standard.'" *Kalispel Tribe of Indians v. U.S. Dep't of Interior*, 999 F.3d 683, 688 (9th Cir. 2021) (quoting *Alaska Wilderness League v. Jewell*, 788 F.3d 1212, 1217 (9th Cir. 2015)). An agency's decision is arbitrary and capricious if:

> [T]he agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*San Luis Obispo Mothers for Peace v. U.S. Nuclear Regul. Comm'n*, 100 F.4th 1039, 1055 (9th Cir. 2024) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). "Our scope of review is 'narrow': we determine only whether the [agency] examined 'the relevant data' and articulated 'a satisfactory explanation' for [its] decision, 'including a rational connection between the facts found and the choice made.'" *Dep't of Com. v. New York*, 588 U.S. 752, 773 (2019) (quoting *State Farm*, 463 U.S. at 43).

1. Reyes argues that the BIA acted arbitrarily and capriciously in denying his request to change his ancestor Mary Bega's tribal affiliation and blood degree. The district court held that the agency's decision was not arbitrary or capricious.

We agree.

Bega is listed on the 1928 California Indian Census Roll, which defined eligibility to include "all Indians who were residing in the State of California on June 1, 1852, and their descendants now living in said State." 25 U.S.C. § 651 (2012) (omitted from 2018 Code "as being of special and not general application"). In 1968, Congress ordered the agency to create a census roll and determine the tribal affiliation of each enrollee's qualifying California Indian ancestor in 1852. *See* 25 U.S.C. § 659 (2012) (omitted from 2018 Code "as being of special and not general application"). Pursuant to that statutory mandate, the agency determined that Bega was Diegueño because Bega's enrollment application lists her mother as a qualifying California Indian ancestor living in San Diego, California in 1852.

The 1928 applications of Bega and her siblings conflict as to their mother's tribal affiliation and place of birth. In his appeal to the agency, Reyes submitted over a thousand pages of historical documents that similarly conflict as to the tribal affiliations of Bega and her descendants, as well as the place of birth and tribal affiliation of Bega's mother. Reyes does not identify any evidence that conclusively establishes the tribal affiliation of Bega's mother or where she lived in 1852. The agency reasonably gave significant weight to Bega's own sworn statements about her mother's place of residence, and the record contains numerous examples of Bega's direct descendants self-identifying, and identifying

3

Bega, as Diegueño.  The agency's final decision letter explains that the evidence from the applications of collateral relatives—Bega's siblings and their descendants—did not outweigh the evidence of Bega's own 1928 Roll application. Resolving such conflicting historical evidence is within the unique expertise of the agency, and the agency reasonably weighed the evidence before it.

We therefore conclude that the agency did not act arbitrarily or capriciously in denying Reyes's request to change Bega's tribal affiliation and blood degree.[1]

2. Reyes also argues that the agency's change in policy to no longer issue Certificates of Degree of Indian Blood ("CDIB") to individuals descended from enrollees of non-federally-recognized tribes—which was the basis for the agency's initial denial of his CDIB application—violates the APA.  The district court declined to consider the merits of this argument, holding that Reyes had failed to administratively exhaust it.

Judicial review under the APA requires final agency action, 5 U.S.C. § 704, and applicable agency regulations impose a general administrative exhaustion requirement in order for any agency decision to become final, 25 C.F.R. § 2.6(a) (2023) (reserved September 8, 2023).  All of Reyes's letters appealing the BIA's

---

[1] Reyes's requests for judicial notice, Dkts. 4, 27, 30, are denied.  Reyes' motion to supplement the record on appeal with district court records, Dkt. 35, is granted. Defendants-Appellees' motion to seal pages 149-277 of the supplemental excerpts of record, Dkt. 31, is also granted.

4

initial denial of his CDIB application seek review of the agency's determination of Bega's tribal affiliation and blood degree. Reyes failed to put the agency on notice that his appeal also sought to challenge the agency's change in CDIB policy. *See Native Ecosystems Council v. Dombeck*, 304 F.3d 886, 899 (9th Cir. 2002) (explaining that "plaintiffs have exhausted their administrative appeals if the appeal, taken as a whole, provided sufficient notice to the [agency] to afford it the opportunity to rectify the violations that the plaintiffs alleged"). Therefore, the district court did not err in dismissing Reyes' challenge to the agency's change in CDIB policy.

**AFFIRMED.**